Sedgwick, Ch. J.
The action was brought to recover the sum of $395 and interest from January 27, 1891, as damages for the failure of the defendant to complete his contract for the purchase of premises Ho. 309 West Forty-third street, New York, sold to him by plaintiffs.
The plaintiffs were the owners of the house and engaged a broker to sell the same for them, and agreed to pay him in the event of his procuring a buyer the usual brokerage of one per cent, and this was well known to the defendant before the agreement afterwards made was entered into. An informal agreement was made that was to be followed on a day fixed in the informal agreement by the making of a formal contract At the time and place agreed upon the plaintiffs attended, ready and willing, etc., but the defendant “ failed to attend and refused to take the property or perform the agreement on his part; that the plaintiffs have always been willing to perform on their part.” The complaint alleges that upon the making of the contract the brokerage in the amount of $395 became due from the plaintiffs, and the plaintiffs were obliged to and necessarily did pay the broker. The complaint charges that through the wrongful failure of the defendant to perform said agreement on his part the plaintiffs have been damaged in the amount so paid to the broker, $395.
I do not see in this commission any matter which is attached to the contract, or anything more than the plaintiffs’ disbursements in their business, which they use to be successful. They spent the money to secure a profitable contract. Their want of profit would *498 change the principal, yet, as matter of fact, the performance of the contract is desired by them.
The plaintiffs claim that the commission became a part of the damages from the defendant’s not performing the contract. In general I do not see a connection between the paying of the commission and the breach of the contract of any other kind than would exist between the latter and the expenditure of any money or effort to procure the contract. As soon as the contract is made the plaintiffs become possessed of the thing out of which they expect to reimburse themselves for their expenditures and to make their profits. They do not expect in fact to be losers, and if it occur they cannot expect to have their losses made good that came from voluntarily paying money for their own benefit in the shape of a commission, which had nothing to do .with the obligations of the contract, and from which the defendant received nothing. It is not correct to consider that the plaintiffs, in a legal sense, have lost the value of the contract as it was. Their contract has the value of an action for damages and for specific performance. It is not to be said that they thought they would get the land without difficulty. They knew that all they got was a contract.
I am of opinion that the plaintiffs’ payment of the commission was a disbursement of their business, and that it was used to procure a contract, of which they are and have been in full possession; that the payment was solely personal to the plaintiffs and not within and not touching the contract relations of the parties. It could not have been claimed if the contract had been performed, and the non-performance does not give a right to it. For this reason I think the judgment should be affirmed.
I regret that I am not able to follow the case of Hennig v. Punnett, 4 Daly, 543.
I do not express an opinion as to whether the arrangement that was made was void by the statute of frauds.
Judgment affirmed, with costs.
McAdam, J., concurs.